IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-01251-WJM-SKC

SHANNON LUCAS,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY FOR LARIMER COUNTY COLORADO, et al.,

    Defendants.

---

**MINUTE ORDER RE: MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT [#108]**

---

    This Order addresses Plaintiff's Motion for Leave to File Third Amended Complaint ("Motion"). [#108.][1] Judge Martinez referred the Motion to the Magistrate Judge. [#109.] The Court has considered the Motion and related briefing.[2] No hearing is necessary. For the reasons stated herein, the Court GRANTS the Motion.

    This is Plaintiff's third attempt to amend her complaint. Judge Martinez granted Plaintiff leave to file a motion to file a third amended complaint after he granted Defendants' motions to dismiss, without prejudice. [#101, p.30.] Defendants oppose amending the complaint arguing (1) Plaintiff failed to establish good cause, (2) Defendants will be prejudiced by an amended complaint, and (3) amendment is futile. [#114.]

    Although Defendants spend ample time arguing Plaintiff failed to establish good cause under Fed. R. Civ. P. 16(b)(4), these arguments are unavailing. This is because Judge Martinez granted Plaintiff leave to file the motion.[3] As such, Plaintiff is not

---

[1] The Court uses "[#__]" to refer to specific docket entries in CM/ECF.
[2] Plaintiff did not file a Reply.
[3] It is perplexing Defendants argued lack of good cause and prejudice so vigorously given Judge Martinez's order. This is especially true considering Defendants did not oppose

1

required to establish good cause and her Motion is timely pursuant to Judge Martinez's order. Defendants' argument that it will be prejudiced by an amended pleading holds no water for the same reason – Plaintiff's Motion was filed based on Judge Martinez granting her leave to do so; Judge Martinez already impliedly determined Defendants would suffer no prejudice by granting Plaintiff leave.

Defendant's remaining argument is based on futility. [#114, pp.12-15.] This, however, recasts the Court's analysis into a motion to dismiss argument, which is premature and inefficient. *See Williams-Berrien v. Wilson*, No. 15-CV-00948-REB-KLM, 2018 WL 3829955, at *2 (D. Colo. Aug. 13, 2018) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)) (internal citations omitted) ("It is well-settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss.") The denial of a motion to amend is a dispositive issue that this Court may only recommend to the presiding judge; if, after objections, the amendment is allowed by the presiding judge then the issue is likely to arise a second time on a motion to dismiss. Removing one step and allowing amendment now, to possibly be addressed in a Rule 12(b)(6) motion, satisfies Fed. R. Civ. P. 1. *White River Vill., LLP v. Fid. & Deposit Co. of Maryland*, No. 08-cv-00248-REB-MEH, 2013 WL 6168853, at *4 (D. Colo. Nov. 25, 2013). The Court further observes that Defendants' arguments regarding dismissal may be more fully presented in the context of a motion to dismiss. Accordingly, with a mind to the interests of judicial economy, this Court exercises its discretion in declining to engage in a detailed futility analysis in resolving this Motion. *Cf. Fuller v. REGS, LLC,* No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011) (the court was "guided by pragmatism and efficiency" in exercising its discretion to grant motion to amend rather than apply futility analysis).

For the above-stated reasons, the Court GRANTS Plaintiff's Motion to Amend. Plaintiff shall file a clean copy of the Third Amended Complaint on or before **August 27, 2021**. Defendants shall answer or otherwise respond on or before **September 3, 2021**.

DATED: August 24, 2021.

---

Plaintiff seeking an extension to file her Motion beyond the date given in Judge Martinez's order. [*See* #106.]